

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 9:17-CR-21** |
| | § | |
| **CHRISTOPHER DECOVAN POWDRILL** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e).   The United

States alleges that the defendant, Christopher Decovan Powdrill, violated conditions of supervised

release imposed by United States District Judge Robert A. Junell of the Western District of Texas.

The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under*

*Supervision* (doc. #4) requesting the revocation of the defendant's supervised release.   The Court

conducted a hearing on September 4, 2018, in accordance with Federal Rules of Criminal

Procedure 11, 32 and 32.1.   The defendant was present and represented by counsel at the hearing.

Having heard the evidence, this court factually finds that the defendant has violated conditions of

supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

### STATEMENT OF REASONS

**A.  Procedural History**

On January 14, 2010, The Honorable Robert Junell of the Western District of Texas after pleading guilty to the offense of Conspiracy to Distribute Fifty Grams or More of Cocaine Base, a Class A felony.   Judge Junell sentenced Powdrill to 100 Months imprisonment followed by 5 years of supervised release, subject to the standard conditions of release, plus special conditions to include:

-The defendant shall not be permitted to reside any place where firearms are possessed or stored;

-The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision;

-The defendant shall not be permitted to reside or travel in the Western District of Texas

during the term of supervision; and

-The defendant shall have no contact with his co-defendant, with Jesus Martinez Pineda, whether by phone, e-mail, fax, letter or in person, during the term of supervision.

On January 26, 2012, the Court issued an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582, reducing defendant's term of imprisonment from 100 months to 84 months.

On June 12, 2015, Christopher Decovan Powdrill completed his period of imprisonment and began service of the supervision term.  On May 22, 2017, the United States District Court for the Western District of Texas transferred jurisdiction over Mr. Powdrill's case to the Eastern District of Texas.  *See Transfer* (doc. #1).  The Honorable Ron Clark, then the Chief U.S. District Judge for the Eastern District of Texas, accepted jurisdiction on June 2, 2017, and the case was assigned to his criminal docket.  *See id.*

On June 13, 2017, Judge Clark modified Mr. Powdrill's conditions of release as follows:

"As directed by the U.S. Probation Office, you shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines."  *See* doc. #2, #3.

## B.  Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of release:

*The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.*

Specifically, on March 15, 2018, the Polk County Sheriff's Office issued Mr. Powdrill a

3

citation for speeding, expired temporary license plate, and no insurance.  Mr. Powdrill did not notify the probation officer within seventy-two hours of having contact with the Polk County Sheriff's Office.

### C.  Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke.  Specifically, if the matter proceeded to a final contested hearing, the Government would present evidence showing that the Polk County Sheriff's Office issued Powdrill a citation on March 15, 2018.  Testimony would further establish that Mr. Powdrill did not notify his probation officer within 72 hours of this encounter with law enforcement.

Defendant, Christopher Powdrill, offered a plea of true to the allegations.  Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to timely notify his probation officer about his encounter with law enforcement in violation of his supervision conditions.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to notify his probation officer within 72 of hours of being issued a citation by law enforcement. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a)(3).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of V and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 7 to 13

months.  *See* U.S.S.G. § 7B1.4(a).   Because the original offense of convictions was a Class A

felony, the statutory maximum imprisonment term upon revocation is five (5) years.  *See* 18

U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the

revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271

n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United*

*States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).   Because Chapter 7 was promulgated as

an advisory policy statement and there are no applicable guidelines for sentencing after revocation

of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United*

*States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).   Further, a sentence imposed for revocation

will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.   See also United*

*States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the

defendant, Christopher Powdrill, committed a Grade C violation of his supervision conditions by

failing to notify his probation officer within 72 hours of his encounter with law enforcement.

Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived

his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the

evidence presented in this case, it is the recommendation of the undersigned United States

Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

release.   The undersigned magistrate judge recommends that the District Court order Defendant, Christopher Decovan Powdrill, to serve a term of **seven (7) months** imprisonment, with no further term of supervision.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   *See* 28 U.S.C. § 636(b)(1).   A party's failure to object bars that party from:   (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court.   *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.   *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of September, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE